UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-24244-BLOOM/Damian

NATALIE ELIODOR,

    Plaintiff,

v.

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

    Defendant.
_____/

## ORDER ON REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Plaintiff Natalie Eliodor's ("Claimant") and Defendant Kijakazi's ("Defendant") competing Motions for Summary Judgment. *See* ECF No. [17] ("Claimant's Motion"); ECF No. [20] ("Defendant's Motion"). The Motions were previously referred to the Honorable Melissa Damian, United States Magistrate Judge, for a Report and Recommendation ("R&R"), ECF No. [9]. On February 11, 2023, Judge Damian issued her R&R, ECF No. [23], recommending that (i) Defendant's Motion be granted; (ii) Claimant's Motion be denied; and (iii) the Administrative Law Judge's Decision ("ALJ's Decision") be affirmed. The R&R advised the parties that objections to the R&R must be filed within fourteen days. *Id.* at 19. On February 27, 2023, Claimant filed her Objections to the Magistrate Judge's R&R, ECF No. [24] ("Objections"). Defendant did not respond or file separate objections.

The Court has carefully considered the R&R, Claimant's Objections, the record in this case, the applicable law, and is otherwise fully advised. Moreover, the Court has conducted a *de novo* review of the R&R and the record in light of Claimant's Objections. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)); *Macort v. Prem, Inc.*, 208 F.

App'x 781, 784 (11th Cir. 2006) ("Where a proper, specific objection to the magistrate judge's report is made, it is clear that the district court must conduct a *de novo* review of that issue."). For the reasons set forth below, the Court adopts Judge Damian's R&R in full.

I.   BACKGROUND

This case concerns Claimant's applications for supplemental security income and disability insurance benefits under the Social Security Act, alleging a disability onset date of June 13, 2019. ECF No. [23] at 2. The applications were denied initially and upon reconsideration. Claimant requested a hearing, which was held before an Administrative Law Judge ("ALJ") on November 12, 2020. *Id*. at 4. The ALJ issued her decision on January 21, 2021, finding that Claimant was not under a disability from the alleged onset date through the date of the ALJ's decision. *Id*. The Appeals Council denied Claimant's request to review the ALJ's decision. *Id*.

On December 2, 2021, pursuant to 42 U.S.C. § 405(g), Claimant filed this action seeking review of the ALJ's decision. ECF No. [1]. Claimant presented two arguments as to why the ALJ's decision should be reversed. She argued that: (A) the Vocational Expert's testimony substantially overstated the number of jobs Claimant could perform, and (B) the ALJ's Residual Functional Capacity ("RFC") assessment failed to incorporate limitations corresponding to Claimant's mental impairments. ECF No. [23] at 10-11. In her R&R, Judge Damian found both of Claimant's arguments to be without merit. *See generally id.*

On February 27, 2023, Claimant filed her Objections. ECF No. [24]. Therein, she repeats her arguments that (A) "The vocational expert's testimony does not constitute 'substantial evidence' upon which the ALJ could properly rely," and (B) "the ALJ's RFC finding is not supported by the substantial evidence of record." *See generally id*.

## II. LEGAL STANDARD

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort*, 208 F. App'x at 783 (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

The R&R properly states the legal and regulatory standards an ALJ must employ in making a determination as to eligibility for supplemental security income benefits. *See* ECF No. [23] at 5-10. Judicial review of the ALJ's Decision is limited to whether "it is supported by substantial evidence and based on proper legal standards." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quoting *Lewis*, 125 F.3d at 1439); *accord Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (substantial evidence is "more than a mere scintilla, but less than a preponderance") (quotation marks omitted). A court "may not decide the facts anew,

reweigh the evidence, or substitute [its] judgment for that of the [ALJ]." *Winschel v. Comm'r*, 631 F.3d 1176, 1178 (11th Cir. 2011) (quotation marks omitted). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995). Even if evidence preponderates against the ALJ's Decision, a court must affirm "if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing 42 U.S.C. § 405(g)).

### III. DISCUSSION

#### A. The Vocational Expert's Testimony

Claimant first argues that the Vocational Expert ("VE") who testified before the ALJ "substantially overstated" the number of jobs in the national economy that Claimant could work. ECF No. [24] at 2. Specifically, the VE testified that there were 115,200 "Call Out Operator" jobs in the national economy, 29,900 "Charge Account Clerk" jobs, and 48,300 "Food & Beverage Order Clerk" jobs. ECF No. [23] at 11. The ALJ accepted those estimates and incorporated them into her decision. Tr. at 26.[1] Claimant argues that the VE's estimates were "substantially overstated," as evidenced by data that Claimant has obtained from Job Browser Pro, and the ALJ failed to carry out her duty to independently verify the accuracy of the VE's estimates. ECF No. [24] at 2-4.

Judge Damian correctly rejected Claimant's argument, concluding that Claimant's failure to contest the VE's estimates at the hearing precludes the Court from considering Claimant's new evidence on appeal. ECF No. [23] at 14. As the Eleventh Circuit has consistently held, a claimant's failure to present occupational employment statistics before the ALJ or otherwise contest the VE's

---

[1] When citing to the Administrative Transcript ("Tr."), ECF No. [15], the Court follows the convention of the parties and the Magistrate Judge in citing to the transcript pages rather than the court record pages.

testimony precludes the Court from considering Claimant's new evidence on appeal. *Valdez v. Comm'r of Social Security*, 808 F. App'x 1005, 1010 (11th Cir. 2020); *accord Bacon v. Comm'r of Soc. Sec.*, 861 F. App'x 315, 320 (11th Cir. 2021) ("[B]ecause the VE's testimony is the only evidence regarding the number of jobs available in the record, this Court is foreclosed from considering other evidence suggested by [claimant] in the district court and on appeal." (citation omitted)); *Wooten v. Comm'r of Soc. Sec.*, 787 F. App'x 671, 675 (11th Cir. 2019) ("[T]he uncontradicted testimony of the vocational expert provided the ALJ with substantial evidence in the record supporting the ALJ's decision." (citation omitted)).

Claimant argues that her attorney *did* question the VE "about her methodology for estimating jobs numbers and asked for the sources upon which the VE relied." ECF No. [24] at 2. While it is true that Claimant's attorney asked questions about the VE's sources and methodology, Claimant's attorney asked no questions and received no responses that would cast doubt on the VE's methodology or estimates. *See* Tr. at 57-58. Claimant's attorney's questioning arguably sufficed to allow Claimant to "submit supplemental briefing or interrogatories contrasting the VE's specific job estimates with estimates of the claimant's own." *Shaibi v. Berryhill*, 883 F.3d 1102, 1110 (9th Cir. 2017) (citing *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 451 (2d Cir. 2012)). However, no such briefing or additional evidence was provided to the ALJ. At this stage, the Court does not independently determine whether the VE's testimony was accurate or credible; the Court "look[s] only to the evidence actually presented to the ALJ." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). Given that evidence – and the *lack* of evidence (or argument) contesting the VE's reliability – the ALJ justifiably relied on the VE's testimony.

Lastly, Claimant argues that the ALJ failed to carry out her "affirmative duty to identify apparent conflicts between the testimony of a Vocational Expert and the DOT (Dictionary of

Occupational Titles) and resolve them." ECF No. [24] at 4 (quoting *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018) (parenthetical explanation added)). However, Claimant has not shown any "apparent conflict" between the VE's testimony and the DOT. *See Washington*, 906 F.3d at 1366. This is not a case in which the VE listed a representative job that was inconsistent with the ALJ's RFC finding. *See, e.g.*, *Viverette v. Comm'r of Soc. Sec.*, 13 F.4th 1309, 1315 (11th Cir. 2021). Nor is this a case in which the VE's testimony was based on "a mismatched SOC group code."[2] *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1282 (11th Cir. 2020). According to the VE's uncontroverted testimony, Tr. at 58, the VE applied the procedure approved in *Goode* of estimating the number of available DOT jobs by (a) beginning with the number of jobs within the DOT job's larger SOC group, and then (b) reducing that number depending on the DOT job's prevalence within that group. *See Goode*, 966 F.3d at 1284.

Rather, this is a case in which Claimant's attorney stipulated to the VE's qualifications and did not challenge the VE's methodology or job numbers. Tr. at 52, 58; *see Bacon*, 861 F. App'x at 320. Although Claimant's attorney briefly inquired as to the VE's methodology, no questions were posed and no responses were provided that could have alerted the ALJ to an "apparent conflict." *Washington*, 906 F.3d at 1366. The VE's testimony "was neither clearly and unmistakably wrong on its face, nor was it internally inconsistent and incomplete." *Bacon*, 861 F. App'x at 320 (citing *Goode*, 966 F.3d at 1285-86). In those circumstances, "this Court is foreclosed from considering other evidence suggested by [Claimant]" on appeal. *Id.* (citing *Falge*, 150 F.3d at 1323).

---

[2] "SOC" refers to Standard Occupational Classification, a system created by the Bureau of Labor Statistics that "groups together detailed occupations with similar job duties. As a result, a single SOC group may contain multiple DOT occupations." *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1281 (11th Cir. 2020)

Accordingly, the Court agrees with Judge Damian that the ALJ appropriately relied on the VE's testimony, which supported the ALJ's conclusion that available work exists in significant numbers in the national economy. ECF No. [23] at 14.

### B.   The ALJ's Residual Functional Capacity Finding

Claimant next argues that the ALJ's RFC finding is not supported by the substantial evidence of record. ECF No. [24] at 4. The ALJ concluded that Claimant "has the residual functional capacity to perform sedentary work . . . . She can maintain concentration for at least two hours at a time, and will remain on task at least 90% of the workday." Tr. at 19. Claimant asserts several errors in the ALJ's analysis.

First, Claimant argues that the ALJ failed to "properly account for reasonable limitations relating to the claimant's psychological, cognitive, and neurological impairments." ECF No. [24] at 8. Claimant cites convincing authority for the proposition that "[c]onsideration of all impairments, severe and non-severe, is required when assessing a claimant's RFC." ECF No. [24] at 7 (quoting *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268 (11th Cir. 2019) (per curiam)). However, as Judge Damian correctly concluded, "review of the ALJ's Decision reflects that the ALJ properly considered all the relevant record evidence regarding [Claimant]'s psychological, cognitive, and neurological impairments, including how her non-severe mental impairments combine with her severe impairments." ECF No. [23] at 16.

Regarding the severity of Claimant's mental impairments, the ALJ found that Claimant has "mild limitations in understanding, remembering or applying information; interacting with others; concentrating, persisting or maintaining pace; and adapting or managing oneself." Tr. at 18. However, her "thought content does not reveal any impairment," her memory is "grossly intact," and her "calculation and cognitive functions, abstraction, and executive functions appeared

commensurate with her age, socioeconomic status, and education.[.]" *Id*. Overall, the ALJ concluded that Claimant's "mild" limitations did not pose "more than a minimal limitation in the claimant's ability to do basic work activities[.]" *Id.* at 19.

When arriving at Claimant's RFC, the ALJ considered Claimant's mental and psychological limitations. Tr. at 22 (discussing Claimant's psychological symptoms); *id.* at 24 ("The assessments of the State agency medical and psychological consultants are persuasive to the extent consistent with the less than sedentary residual functional capacity herein."); *id.* ("Her thought content does not reveal any impairment."). It is not the case, as Claimant asserts, that "the ALJ provided no assessment on the claimant's mental impairments." ECF No. [24] at 8. The ALJ considered those impairments, found them to be mild, and incorporated them by finding a "less than sedentary" RFC of an employee who could "maintain concentration for at least two hours at a time, and will remain on task at least 90% of the workday." Tr. at 19, 28.

Relatedly, Claimant asserts that "the ALJ altogether failed to assess whether the evidence establishes the presence of 'paragraph C' criteria." ECF No. [24] at 5. According to the SSA, "[t]he paragraph C criteria are an alternative to the paragraph B criteria[.]" 20 C.F.R. Part 404, Subpart P, App'x 1 § 12.00(G)(1). "We use the paragraph C criteria to evaluate mental disorders that are 'serious and persistent.'" *Id*. Claimant has not shown that an assessment under the paragraph C criteria was appropriate in the circumstances of this case, in which the ALJ found Claimant's mental impairments to be mild.

Claimant additionally asserts that the ALJ did not order a psychological or neurological examination of Claimant. ECF No. [24] at 8. As Judge Damian correctly noted, the relevant SSA regulations provide that "the ALJ will generally not request a consultative examination until the SSA has made every reasonable effort to obtain evidence from a claimant's own medical sources."

ECF No. [23] at 16 (citing 20 C.F.R. §§ 404.1512(b)(2) & 416.912(b)(2)). The Court further agrees with Judge Damian that "the record reflects the SSA obtained and reviewed evidence from [Claimant]'s own medical sources[.]" *Id*.

The Court concludes that the ALJ's RFC finding is supported by the record evidence. Having conducted a thorough review of the ALJ's decision and the record as a whole, the Court concludes that the ALJ's decision "is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Damian's Report and Recommendation, **ECF No. [23]** is **ADOPTED IN FULL**;
2. Defendant's Motion for Summary Judgment, **ECF No. [20]**, is **GRANTED**;
3. Claimant's Motion for Summary Judgment, **ECF No. [17]**, is **DENIED**;
4. Claimant's Objections, **ECF No. [24]**, are **OVERRULED**;
5. The ALJ's Decision is **AFFIRMED**;
6. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**;
7. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 16, 2023.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record